OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Court, Area No. 2, Boardman, Ohio, overruling the objections to the magistrate's decision filed by defendants-appellants, Sandra Diana and Roger Miralia, and awarding the sum of $323.00, plus costs and interest, to plaintiffs-appellees, Tom and Judy Fabian.
The case at bar arose from a landlord-tenant dispute between appellants and appellees. On or about January 7, 1999, appellees filed a small claim complaint against appellants. Appellees sought money damages for the loss of their Christmas decorations in the amount of $600.00, plus interest and costs. Appellants allegedly removed and discarded the Christmas decorations from a storage closet reserved for tenant usage.
Following a hearing and the presentation of evidence, the court magistrate concluded that Roger Miralia was an employee of Sandra Diana at all relevant times. Furthermore, the magistrate found that Roger Miralia broke a lock in order to obtain access to the items in question and then disposed of them without the owner's consent. Thus, the court magistrate granted judgment in favor of appellees in the amount of $323.00, plus interest and costs.
Appellants then filed objections to the magistrate's decision. Following due consideration, the trial court issued its judgment entry on June 23, 1999, overruling appellants' objections and adopting the magistrate's decision as its order in this matter. This appeal followed.
Appellants set forth four assignments of error on appeal.
Appellants' first, second, third and fourth assignments of error have a common basis in law and fact, will therefore be discussed together and allege respectively as follows:
 "The appellant, Roger Miralia, did not knowingly, voluntarily, and intelligently dispose of the articles in question; appellant merely granted new tenant, Beverly Brunswick, permission to use the storage closet and change the lock on the closet door as agreed to by appellant, Sandra Diana, and appellee, Judy Fabian. Tenant, Beverly Brunswick, disposed of the articles in question believing them to be of no value or consequence.
"The appellants, Sandra Diana and Roger Miralia, did not knowingly, voluntarily, and intelligently enter into a contract with appellee, Judy Fabian, to protect the aforementioned items from theft.
"The appellants, Sandra Diana and Roger Diana (sic), took reasonable security measures for each of the three common areas of the apartment building by having locks on the storage closet doors. Appellee, Judy Fabian, forfeited all expectations of security on the basement common area when she moved to the second floor, which has a separate secured storage area.
"The appellee, Judy Fabian, unreasonably withheld consent from the appellants, Sandra Diana and Roger Miralia, to enter the basement storage closet by withholding the key to the closet door after she had moved to the second floor apartment, thusly forfeiting all rights to and claim upon the basement storage closet. This, in turn, made it necessary for appellant, Roger Miralia, to remove the lock in order to facilitate new tenant, Beverly Brunswick's, use of the basement storage closet — to which living in the basement apartment, Beverly Brunswick was entitled."
As the parties asserting error, it is well recognized that appellants bear the burden of affirmatively demonstrating error by reference to matters in the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, App.R. 16(A)(7). In the case at bar, appellants are essentially arguing that the trial court's decision was not supported by the evidence or was against the manifest weight of the evidence. App.R. 9(B) states in pertinent part that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Appellants have failed to supply this court with a transcript of the proceedings below or, alternatively, a statement pursuant to App.R. 9(C) or App.R. 9(D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, then a reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, supra, at 199.
Accordingly, appellants' first, second, third and fourth assignments of error are found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.